## WALTERS v. KRAFT.

1. Where a principal and sureties gave their joint and several promissory note, upon which, after maturity, the principal debtor, from time to time, made several payments, the legal liability of all the parties to the note was discharged at the expiration of six years from its maturity, and thereafter action could be maintained only on the new promise implied from the partial payments credited on the note.

2. But as such subsequent promise constituted a new contract and a new cause of action, no one is liable except him who made it; the liability of the sureties was not continued by the payments and promises of the principal debtor.

3. The relation of agency does not exist between joint-debtors arising from community of interest; their community of interest is confined to the payment of the debt. Payment by a principal debtor cannot continue the obligation of a surety, without his consent, beyond the period fixed by the original contract.

4. *Silman* v. *Silman* (2 *Hill*, 416) is inconsistent with *Smith* v. *Caldwell* (15 *Rich.*, 378), and was practically overruled by this later case. MR. JUSTICE McGOWAN, *dissenting.*

Before WITHERSPOON, J., Richland, April, 1885.

This was an action by Caroline Walters against P. W. Kraft and others, the makers of a joint and several promissory note. The judge refused several requests to charge made by the sureties, and did charge as follows:

1. That if P. W. Kraft had made a payment on the note within six years from its maturity, and this action was commenced within six years from that payment, the defence of the statute of limitations cannot avail the other defendants.

2. That the note carried with it a liability on all the makers for six years from the date of any payment made on it by any of the joint makers within six years from its maturity.

The jury found a verdict for the plaintiff against all of the defendants for $499.17.

From the judgment entered upon this verdict the defendants, Anna C. Kraft and the executors of Hei, duly appealed on exceptions, alleging error in the refusals to charge and the charge as made.

*Mr. LeRoy F. Youmans,* for appellants.

*Messrs. Clark & Muller,* contra.

November 27, 1885. The opinion of the court was delivered by

MR. JUSTICE McIVER. On May 29, 1872, P. W. Kraft, Anna C. Kraft, and E. F. Hei, executed their joint and several promissory note, whereby they promised to pay to the plaintiff or bearer thirty days after the date thereof five hundred dollars, with interest at two per cent. per month if not paid at maturity. The interest was regularly paid each year by P. W. Kraft, the principal debtor, the other two parties being his sureties, the last two payments of interest being dated, one on June 1, 1877, and the other on June 1, 1878, the latter being acknowledged to be for interest to January 1, 1879, on which day there was another payment by P. W. Kraft on account of the principal. The action was commenced on the note on February 21, 1880, and in the complaint the several payments endorsed on the note were set out, and judgment was demanded for the balance after deducting said payments, together with the interest on such balance. Pending the action the said E. F. Hei died testate, and the same has been regularly continued against his executors.

The defence relied upon by the sureties was the statute of limitations, and the only question raised by the appeal is whether the payments made by the principal debtor, before the statutory period as to the note had expired, would take the case out of the statute as to the sureties. There is no doubt that at one time the courts of this State held that a payment made by one of several joint makers of a note, whether before or after the statutory period had expired, would take the case out of the statute as to the others. *Beitz* v. *Fuller,* 1 *McCord,* 541, following the famous case of *Whitcomb* v. *Whiting, Doug.,* *629; 1 *Sm. Lead. Cas.,* 318. Subsequently, however, this doctrine was modified, so that while payment made by one of several joint contractors *before* the statutory period had run out, might have the effect of taking the case out of the statute as to the others, yet that a payment made *after* the expiration of the statutory period would

have no such effect. *Steele* v. *Jennings*, 1 *McMull.*, 297 ; *Goudy* v. *Gillam*, 6 *Rich.*, 29 ; *Smith* v. *Caldwell*, 15 *Rich.*, 365.

Again, it is manifest that in the earlier decisions the statute of limitations was, in disregard of the terms of the statute, regarded as raising a presumption of payment, and therefore anything that went to rebut such a presumption was regarded as sufficient to take a case out of the statute. *Aiken* v. *Benton*, 2 *Brev.*, 330 ; *Pearce* v. *Zimmerman*, *Harp.*, 305 ; *Beitz* v. *Fuller*, *supra*, and other cases of that class. But the later decisions, giving effect to the express language of the statute, which declared that the action shall be commenced within the time limited, *"and not after,"* treat the statute as an absolute bar to the recovery of the debt, unaffected by any presumption that the debt was actually paid. *Reigne* v. *Desportes*, *Dudley*, 118 ; *Smith* v. *Caldwell*, *supra*. From this it logically followed that when the statutory period from the maturity of a note has run out before any action is commenced upon it, and reliance is placed upon a subsequent promise, whether express or implied, the action must be upon *such promise*, whether it is made before or after the expiration of the statutory period, and not upon the note.

As is said by O'Neall, J., in *Reigne* v. *Desportes*, at page 124 : "The statute directs that the action of debt on simple contract and assumpsit shall be brought within four years next after the cause of said action or suit, and not after ; the words of the statute are of plain and obvious meaning, and to give it effect only two questions need be asked : When did the cause of action accrue ? Is the suit brought within four years from the accrual of the cause of action ? * * * If more than four years intervenes between the time at which the party by his contract had the right to demand the payment and the institution of the suit, the bar of the statute is complete and effectual, and the cause of action is gone. But the old debt, as a past consideration, will support a new promise, for notwithstanding it cannot be legally enforced as a cause of action, yet if it has not been paid, the party who contracted it is in honesty * * * bound to pay it. This obligation of honesty and morality is a good consideration, and the new promise founded upon it will be enforced ; but it is a new cause of action, not as the revival of the old one. For if

not regarded as a new cause of action, the words of the statute would prevent it from enabling the party to recover. Regard it as a new contract, a new cause of action, and the case is not affected by either the intent or the words of the statute." He then goes on to show that a contrary impression had grown up, from the fact that under the old form of pleading in assumpsit, a new promise could be treated as the real cause of action under the general counts in the declaration, and from "many loose expressions * * * to be found in the opinions of some of the most learned judges."

So in *Smith* v. *Caldwell, supra,* Wardlaw, J., in laying down certain propositions which are held to be settled, uses this language: "1. That the statute of limitations does not operate by raising a presumption of payment, but by creating a legal bar to the action. * * * 2. That where the statutory period, counting from the original accrual of the cause of action, expired before commencement of the suit, a promise shown for the purpose of opposing the plea of the statute, is itself the true cause of action; and this, whether such promise was made before or after the expiration of the period just mentioned. If before, the legal liability was its consideration; if after, the moral obligation. This proposition, under the general form of pleading which is allowed, is, in practice, unimportant, where the declaration is in assumpsit upon an executed consideration; but it is material in the declaration of the rights of parties wherever the new promise, and that alone, stands unaffected by the statute; and from this proposition it follows that payment, admission, and the like are but evidence of a promise to pay, and that whatever is said to revive a debt must operate through a promise expressed or implied."

It will be observed that these principles, announced by these two distinguished judges in the cases last cited, are deduced from the terms of the former statute of limitations, which required actions to be commenced within the time limited, and not after; but we think that the language of the present statute—"civil actions can only be commenced within the periods prescribed in this title"—is equally imperative, and requires the same construction. It follows, therefore, that this action, not having

been commenced within six years from the maturity of the note, cannot be maintained *on the note*, and the only question, assuming the action to be upon the subsequent promise implied by the payments, about which no question seems to have been raised, is as to whether the appellants are bound by such promise.

If this question be considered apart from authority, we do not see how there could be a doubt about it. If it be true, as we have shown it to be, that the legal liability of all the parties on *the note* is forever discharged by reason of the failure of the plaintiff to bring her action within six years from the maturity of the note, and that the plaintiff's only cause of action is the subsequent promise implied by the partial payments made by the principal debtor, P. W. Kraft, and credited on the note, then nothing would seem to be clearer than that no one is bound by such promise except the person who made it. If the subsequent promise, as we have seen, constitutes a new contract and a new cause of action, then certainly no one can be held liable to the performance of such new contract, except him who made it.

This is, and must necessarily be, conceded, but it is said that the act of one of several joint debtors, especially the act of making a payment on the note upon which they are all liable, is the act of all, as it enures to the benefit of all, and that the relation of agency exists between them, arising from community of interest. We are, however, unable to discover any just foundation in the nature of things for such an idea. Their community of interest is confined to the payment of the debt, and cannot be extended beyond that. There is certainly no reason why a payment by one of several joint contractors, which enures to the benefit of all, should carry with it the idea that the one who makes the payment has the authority to make a new contract for all. An agency to pay, implied from the common obligation, does not necessarily, or even naturally, involve the idea of an agency to make a new promise whereby the common obligation is continued for a longer period than that fixed by the original contract, in which all the parties joined. For that would practically amount to an alteration of the original contract by extending its legal effect beyond the time when its legal obligation would cease. And when we remember the well settled rule that any alteration

of the original contract by the creditor and principal debtor, without the assent of the surety, will discharge the surety, it would seem to follow necessarily that a payment made by the principal debtor, even before the statutory period has expired, cannot have the effect of continuing the legal obligation of the original contract beyond the period originally fixed for its duration, because that would be an alteration of one of the terms of the original contract.

A surety, when he signs a joint and several note with his principal, knows that unless the creditor brings his action·on the note within six years from its maturity, his legal liability is discharged by the operation of the statute of limitations, and we are unable to see by what authority his liability can be extended beyond that period without his assent. One may be willing to assume a legal liability for another for a definite period, but it does· not by any means follow that he would be willing to assume such liability for an indefinite period, dependent wholly upon the act of the other, to which he has not assented, and of which oftentimes he has no knowledge. So that it seems to us that it would be in violation of well settled principles to hold that a principal debtor can, by any promise of his own, either express or implied, without the assent of his surety, extend the legal obligation of such surety beyond the period originally fixed for its duration.

This notion that one of several joint debtors may, by his own act, without the consent of the others, defeat the operation of the statute of limitations upon the original contract, manifestly rests upon what is now conceded, and we believe universally conceded, to be an erroneous view of the statute, and is wholly inconsistent with the later and more correct view of the statute. As long as it was held that the statute operated "by raising a presumption of payment," and not "by creating a legal bar to the action," it was very natural that anything which went to rebut that presumption should affect all the parties to the contract alike, and hence any act of any one of those parties tending to show that the debt was not in fact paid, was held sufficient to defeat the plea of the statute, which was then, in effect, a plea of payment, inasmuch as it was assumed that motives of self-

interest would deter every one of the parties to the contract from any act or omission which would show that the debt was not paid, if in fact it was paid.

Accordingly we find that originally no distinction was drawn between mere admissions or positive promises, and no distinction was drawn between promises, either express or implied, made before or after the expiration of the statutory period on the original contract. In fact, the whole question was regarded as one of payment, and therefore anything which went to defeat the presumption of payment arising from the lapse of the time fixed by the statute, was considered sufficient to defeat the plea of the statute. But when the later and more correct view of the statute became well settled—when it was definitely determined that the statute did not operate "by raising a presumption of payment," but "by creating a legal bar to the action;" and when it was distinctly decided "that where the statutory period, counting from the original accrual of the cause of action, expired before commencement of the suit, a promise shown for the purpose of opposing the plea of the statute, is itself the true cause of action; and this, whether such promise was made before or after the expiration of the period just mentioned," a different rule must necessarily be adopted; otherwise the anomalous result would follow that a man might be made liable upon a contract which he never made or authorized, and which in many, if not most, cases he knew nothing of. If, after the expiration of the statutory period, from the maturity of the note the statute is a legal bar to an action on the note, and resort must be had to a subsequent promise, either express or implied, as a new cause of action, it follows necessarily that no recovery can be had on such new cause of action against those who did not join in the subsequent promise which gave rise to such cause of action.

It is true that the conclusion at which we have arrived is in conflict with the decision in the case of *Silman* v. *Silman*, 2 *Hill*, 416; but it will be observed that in that case Judge O'Neall says that "the decisions that the promise of one joint contractor would take out of the statute a debt which would be otherwise barred, have been altogether founded in mistake," and in deciding otherwise only yields to what he calls "the unbroken

current of authorities," and yet he modifies those former deci-
sions by drawing a distinction, which had first been clearly
pointed out in *Young* v. *Monpoey* (2 *Bail.*, 278), between a pro-
mise made *before* and one made *after* the expiration of the statu-
tory period on the original contract, and confines the decision to
cases in which the new promise was made *before* the expiration
of the statutory period, for the reason that in such a case the
new promise operates as a continuance of the original liability
for four years from the date of such promise; but that where the
new promise is made *after* the expiration of the statutory period,
"the debt is gone, and the new promise or acknowledgment must
show a sufficient cause of action to entitle the plaintiff to
recover," meaning, doubtless, that the legal remedy for the col-
lection of the debt is gone, and the action can only be maintained
on the subsequent promise as a new cause of action.

Thus stood the law when the case of *Smith* v. *Caldwell, supra,*
came before the late Court of Appeals for decision, when we
think the foundation upon which *Silman* v. *Silman* rested was
swept away, and the case was practically overruled. This was
the manifest view of the Circuit Judge, and at least one of the
judges of the Court of Appeals, and what was the opinion of
the other two does not very clearly appear; for according to the
view which they took it was not necessary either to affirm or dis-
affirm the case of *Silman* v. *Silman*, but the principles or propo-
sitions which they declared settled are clearly inconsistent with
the ground upon which Judge O'Neall placed the case of *Silman*
v. *Silman*. For, as we have seen, Judge O'Neall, drawing a
distinction between a promise made before and one made after
the expiration of the statutory period on the original contract,
based his decision upon the idea' that where the promise was
made *before* the expiration of the original statutory period, it
operated as a continuance of the *then existing* liability for
another period of four years from the date of such promise; but
this idea is clearly repudiated in the case of *Smith* v. *Caldwell,*
and is entirely inconsistent with the conclusion there reached.

In that case, before the statutory period on the note had
expired, Neuffer, the principal debtor, made one payment, and
within four years after such payment he made another payment,

but the first was more than four years before the commencement of the action, and the second more than four years from the maturity of the note, but, deducting the time during which the statute of limitations was suspended by one of the sections of the stay law, within four years from the commencement of the action; and yet the court held that the action against Caldwell, the surety, was barred. Now, it is manifest that if the court had recognized the doctrine upon which *Silman* v. *Silman* was based, to wit, that the first payment operated as a continuance of the then existing liability of both parties for another period of four years from the date of such payment, the statute could not have been successfully pleaded, for during the second period of four years, over which, according to *Silman* v. *Silman*, the defendant's original liability had been extended, another payment was made, which, upon the same principle, ought to have extended his liability for another period of four years, within which the action was commenced. It is clear, therefore, that the decision in *Smith* v. *Caldwell* is entirely inconsistent with the principle upon which the case of *Silman* v. *Silman*.was decided, and that it was practically overruled by that case, though the majority of the court did not deem it necessary so to declare in express terms, and we are not aware of any case in which it has been subsequently recognized.

Under this view the other question as to the effect of the provisions of the code of procedure cannot arise, and need not be considered.

The judgment of this court is, that the judgment of the Circuit Court against Anna C. Kraft and the executors of E. F. Hei be reversed, and that the case, as to them, be remanded to that court for a new trial.

MR. CHIEF JUSTICE SIMPSON concurred.

MR. JUSTICE McGOWAN, *dissenting.* I cannot concur in this judgment. It was held in the case of *Silman* v. *Silman* (2 *Hill,* 416) that "where the statute of limitations has not run out, the promise or acknowledgment of one of two joint makers of a note will prevent its operation against both; but where the bar of the

statute was complete, a promise or acknowledgment by one will only be obligatory on himself, and will not revive the demand against the other," &c.   This decision was rendered in 1834, and has since been regarded as the settled law in South Carolina.   In delivering the judgment of the court, Judge O'Neall said that he felt "constrained to yield to the unbroken current of authorities." The case has frequently been recognized and followed.   *Goudy* v. *Gillam*, 6 *Rich.*, 30; *Bowdre* v. *Hampton, Ibid.*, 218; *Smith* v. *Townsend*, 9 *Rich.*, 44.   It does not seem to me that the case of *Silman* v. *Silman* was overruled by that of *Smith* v. *Caldwell* (15 *Rich.*, 378), either directly or indirectly.   It is certainly not claimed in the case itself, and Judge Inglis did not concur in the judgment, for the reason that he could not make the decision consist "with the yet acknowledged law, as authoritatively ascertained and announced in *Silman* v. *Silman*, 2 *Hill*, 416."

But if anything held in *Smith* v. *Caldwell, supra*, was inconsistent with the well-established doctrine of *Silman* v. *Silman*, this court, as late as 1883, in the cases of *Shubrick* v. *Adams* (20 *S. C.*, 56) and *Pyles* v. *Bell* (*Ibid.*, 369), reaffirmed the doctrine of *Silman* v. *Silman*, and held as follows: "In regard to the statute of limitations, the rule is well settled that after the debt is barred, nothing short of an express promise, or what is equivalent to such promise, will suffice to take a case out of the statute; but before the bar of the statute is complete, mere acknowledgments, as shown by part payment or otherwise, are sufficient to keep the original debt alive, by giving at each acknowledgment a new starting point for the running of the statute.   *Rucker* v. *Frazier*, 4 *Strob.*, 94; *Lomax* v. *Robertson, Dudley*, 367; *Bowdre* v. *Hampton*, 6 *Rich.*, 212."   The case of *Lomax* v. *Robertson* was an acknowledgment by one of two executors, and it was announced that the principle drawn from all the cases was "that the debt is not barred if there has been a sufficient promise to pay at any time within four years from the commencement of the action."

This has certainly been considered the settled law, and, it seems to me, is correct in principle.   A simple acknowledgment before the action is barred is sufficient to keep alive the original

obligation with all its incidents, and there is not in this any vio-lation of the contract of the surety, for it was the law when he became surety, and he must be taken to have contracted with reference to the law as it then existed.    I greatly fear that the new rule now established will operate as a surprise upon parties and affect retroactively and disastrously the rights of creditors who have relied upon the rule as heretofore established.

New trial granted.